## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

CHANDRAKANT SHITOOT and          )
MANJUSHA SHITOOT, Individually and )
In Their Own Right and as         )
Co-Administrators of the Estate of )
DINSHAW SHITOOT, Deceased,        )
                                  )
                Plaintiffs,        )
                                  )
        v.                         )        Civ. No. 14-1263-SLR
                                  )
JAMES D. LARSON and               )
ST. FRANCIS HOSPITAL,             )
                                  )
                Defendants.        )

## MEMORANDUM ORDER

At Wilmington this $\frac{4\text{th}}{}$ day of January 2016, having reviewed the pending

discovery motions and the papers submitted in connection therewith;

IT IS ORDERED that:

1. **Motion for Protective Order.** Defendant St. Francis Hospital's ("St. Francis")

motion for a protective order precluding plaintiffs from deposing a Rule 30(b)(6) witness

(D.I. 48) is granted in part and denied in part.

2. St. Francis asks that the court quash plaintiffs' notice of deposition for a Rule

30(b)(6) witness (D.I. 47) because the topics for examination are overbroad, vague, and

unduly burdensome. A deposition notice must describe "with reasonable particularity"

the topics for examination. *See* Fed. R. Civ. P. 30(b)(6).

3. Plaintiffs instituted this medical negligence and wrongful death action arising from the care provided to Dinshaw Shitoot. All six topics in plaintiffs' notice of deposition seek certain information related to St. Francis' medical record coding and billing process.

4. Topics 1 and 2 seek "the policies, procedures, guidelines, and/or instructions" and the "books, manuals, online tools, and/or documentation" used in St. Francis' medical record coding and billing process. Unlike the other topics, Topics 1 and 2 are not limited to information relating to Mr. Shitoot. Accordingly, the court will grant the motion with respect to Topics 1 and 2, because they are overbroad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to matters relevant to a party's claim or defense).

5. The court will deny St. Francis' motion with respect to Topics 3 through 6. Those topics state with reasonable particularity the information plaintiffs seek. As plaintiffs explained, the diagnoses and coding in the medical records and billing for Mr. Shitoot are relevant to understanding the events that occurred with respect to his care. (D.I. 51 at ¶ 6)

6. St. Francis is concerned that certain terms within each topic introduce an open-ended and theoretically infinite subject, making it difficult to properly prepare a Rule 30(b)(6) witness. (D.I. 49) This concern, however, is not persuasive in the context of this litigation. Defendant Dr. Lawson was asked several questions during his deposition about the codes in Mr. Shitoot's medical records and/or billing that he was not able to fully answer. (*See* D.I. 51-1 Ex. B) Thus, the type of questions that plaintiffs may propound in a deposition of a St. Francis witness should not come as a surprise.

Any particular deposition questions that go beyond the scope of discovery can be addressed during the deposition with appropriate objections.

7. Finally, St. Francis complains that plaintiffs unilaterally noticed the deposition for a date when its counsel were unavailable. However, plaintiffs asked St. Francis to propose a date and it never did, even though plaintiffs waited for two weeks. The court expects St. Francis to promptly provide plaintiffs with available dates that work for all defendants so that the deposition will occur in the near future.

8. **Motion to Determine Sufficiency of Answers.** Plaintiffs' Motion to Determine the Sufficiency of Answers and Objections to Plaintiffs' Requests for Admissions Addressed to Defendant James D. Larson, M.D., pursuant to Fed. R. Civ. P. 36(a)(6), is granted in part and denied in part.

9. Plaintiffs argue that Dr. Larson failed to admit or deny the Requests for Admissions 1, 2, 4, 5, and 6 on the basis of inappropriate objections. (D.I. 55 at ¶¶ 6-7) Dr. Larson objects to these requests on the grounds that they: (i) call for expert opinion, (ii) require him to speculate on something unknown or unknowable, and (iii) go to ultimate facts at issue or call for a legal/medical conclusion. (D.I. 56-1 Ex. B)

10. Federal Rule of Civil Procedure 36 provides that a party may serve requests for admissions upon an opposing party. "The purpose of requests for admission is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial." *Williamson v. Corr. Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009) (internal punctuation omitted) (quoting *Guinan v. A.I. duPont Hosp. for Children*, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008)).

11.   Requests 1 and 2 ask Dr. Larson to admit that the bowel perforation was the direct and proximate cause of Mr. Shitoot's death.  St. Francis properly objected to these requests on the grounds that they call for legal conclusions.  *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) ("[R]equests that seek legal conclusions are not allowed under Rule 36.").  Accordingly, the court will deny plaintiffs' motion as to Requests 1 and 2.

12.   Requests 4, 5, and 6 ask with some variation for an admission that Mr. Shitoot's bowel was perforated.  Dr. Larson has not raised a proper objection to these requests, as they seek admission only of facts.  *See* Fed. R. Civ. P. 36(a)(1) (stating that a party may request admissions as to facts).  Where facts in dispute are requested to be admitted, a denial is a perfectly reasonable response.  *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 2004 WL 830388, at *1 (D. Del. Apr. 12, 2004).  "The use of only the word 'denied' is often sufficient under the rule."  *Williamson*, 2009 WL 1364350, at *2.  A denial simply leaves the proposition in dispute for trial.  *Id.*

_____

United States District Judge

4